**CV 14 - 4695**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**VITALIANO, J.**

--------------------------------------------------------------
ELDRIEN CUMMINGS and KERRON DAWKINS

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. "FNU" CAREY, of the 75th Precinct, Individually and in his Official Capacity, and P.O.s "JOHN DOE" 1-3, Individually and in their Official Capacities,

Defendants.
--------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, are, and have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about February 9, 2014, at approximately 4:30 p.m., plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS were lawful passengers in a vehicle near the intersection of Jamaica Avenue and the Jackie Robinson Parkway, in Kings County in the State of New York.

14. At that time and place, the individually named officers pulled over said vehicle.

15. The officers ordered plaintiffs out of the vehicle and commenced to search that vehicle, uncovering no evidence of criminal or unlawful activity whatsoever.

16. Nevertheless, defendants handcuffed plaintiffs' arms tightly behind their backs and transported them to the 75th precinct.

17. At no time on or about February 9, 2014 did either plaintiff commit any crime or violation of law.

18. At no time on or about February 9, 2014 did defendants possess probable cause to arrest plaintiffs.

19. At no time on or about February 9, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

20. While at the 75th precinct, plaintiff ELDRIEN CUMMINGS asked for his coat as it was very cold inside the precinct.

21. Defendant officers refused the request, and responded by knocking plaintiff to the ground and striking him about the head, face, and body.

22. As a result of this attack, plaintiff suffered several injuries to his body, including but not limited to fractures to his left hand and wrist.

23. While in custody, plaintiffs were both subjected to intrusive strip searches.

24. At no time did defendant officers possess the particularized suspicion necessary to justify such a search.

25. Despite defendants' conduct, the plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, were released following approximately seven hours in custody.

26. Upon their release, plaintiffs were issued Desk Appearance Tickets charging them with Possession of Marijuana.

27. Defendants intentionally and maliciously altered the paperwork related to those DATs so that the plaintiffs would believe their court dates were on one date, and the court would be notified of another date.

28. Defendants' unlawful actions directly lead to the later issuance of warrants against the plaintiffs due to no fault of their own.

29. Despite defendants' actions, the charges against KERRON DAWKINS were dismissed on June 27, 2014.

30. Despite defendants' actions, the proceedings against plaintiff ELDRIEN CUMMINGS were adjourned in contemplation of dismissal on June 10, 2014.

31. As a result of the foregoing, plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS sustained, *inter alia*, serious physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiffs' liberty was each restricted, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

40. Plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. As a result of the defendants' conduct, plaintiffs were subjected to an unreasonable strip search.

42  Defendants did not possess justification or privilege to conduct such a search.

43. As a result of the foregoing, plaintiffs' liberty was each restricted, they were put in fear for their safety, and they were humiliated.

## THIRD CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

44. Plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

46. As a result, plaintiffs suffered deprivations of their liberty, as they were required to make numerous court appearances to contest the false accusations against them.

47. As a result of the foregoing, plaintiffs' liberty was each restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

## FOURTH CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

48. Plaintiffs ELDRIEN CUMMINGS and KERRON DAWKINS repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. Defendants issued Desk Appearance Tickets to the plaintiffs compelling them to appear in court on a different date than the date actually assigned.

50. Defendants did so with intent to cause the plaintiffs harm other those harms that may normally be considered part and parcel of issuance of such process.

51. As a result of the foregoing, plaintiffs' liberty was each restricted, they were put in fear for their safety, and they were humiliated, without probable cause.

## FIFTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

52. Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53. Defendants arrested, searched, and incarcerated plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United

States Constitution.

57. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct;

    v. illegally performing strip searches of arrestees;

    vi. utilizing excessive force against arrestees.

58. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were placed under arrest unlawfully.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights.

## PENDANT STATE CLAIMS

65. Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

66. On or about March 20, 2014 and within (90) days after the claims herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law §50(e).

67. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. Defendant THE CITY OF NEW YORK conducted hearings pursuant to General Municipal Law § 50-h on August 6, 2014 of plaintiffs.

69. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

70. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

71. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

72. Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

73. At the aforesaid place and time, the individually named defendants did cause plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, to be unlawfully assaulted and battered, without cause or provocation.

74. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

75. As a result of the aforesaid assault and battery, plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, were injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
## FOR FALSE ARREST UNDER NEW YORK LAW

76. Plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

77. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

78. As a result of the foregoing, plaintiffs' liberty was each restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

79. As a result of the foregoing plaintiffs, ELDRIEN CUMMINGS and KERRON DAWKINS, were caused to sustain physical and emotional injuries.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

80. Plaintiffs repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

81. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

82. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

83. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE,** the plaintiffs respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
August 6, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020